# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 28, 2010

No. 10-60172
Summary Calendar

Lyle W. Cayce
Clerk

ERWIN RESSA,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A096 167 537

Before DeMOSS, STEWART, and ELROD, Circuit Judges.

PER CURIAM:[*]

Erwin Ressa, a native and citizen of Indonesia, applied for asylum, withholding of removal, and relief under the Convention Against Torture (CAT) based on persecution for his participation in KONTRAS, a political organization investigating human rights violations that occurred at a May 12, 1998, demonstration at Trisakti University in Jakarta, Indonesia. His application was denied based on the adverse credibility determination of the immigration judge

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(IJ), which was upheld by the Board of Immigration Appeals (BIA) when it dismissed Ressa's administrative appeal.

Ressa argues that the IJ's adverse credibility determination is not supported by substantial evidence because Ressa clarified that he was confused about the date of the kidnapping; he explained that he went with strangers to visit Usman Harmit at the hospital because he worked with Harmid for KONTRAS and was told by the strangers that Harmid was in ill health; and he submitted a copy of his transcript to corroborate that he was a student at Trisakti University from 1997 to April 2001. Ressa asserts that the IJ cannot require corroborating evidence when the applicant cannot reasonably obtain it. He contends that he provided credible evidence to establish that he suffered past persecution due to his work for KONTRAS and that he has a reasonable fear of future persecution because the police have failed to protect him or investigate the attacks and threats against him. He further contends that the IJ and BIA failed to analyze whether he was entitled to withholding of removal or relief under the CAT.

We review an immigration court's findings of fact for substantial evidence. *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). We will not reverse an immigration court's factual findings unless "the evidence was so compelling that no reasonable factfinder could conclude against it." *Id.* at 537. Among the findings of fact that we review for substantial evidence is an immigration court's conclusion that an alien is not eligible for asylum, withholding of removal, or relief under the CAT. *Zhang v. Gonzales*, 432 F.3d 339, 344-45 (5th Cir. 2005).

Pursuant to the REAL ID Act of 2005, "an IJ may rely on any inconsistency or omission in making an adverse credibility determination as long as the totality of the circumstances establishes that an asylum applicant is not credible." *Wang*, 569 F.3d at 538 (internal quotation marks and citation omitted); *see also* 8 U.S.C. § 1158(b)(1)(B)(iii). We will "defer therefore to an IJ's credibility determination unless, from the totality of the circumstances, it is

2

No. 10-60172

plain that no reasonable fact-finder could make such an adverse credibility ruling." *Wang*, 569 F.3d at 538 (internal quotation marks and citation omitted).

The adverse credibility determination is supported by substantial evidence. There were inconsistencies between Ressa's asylum application and his testimony concerning the dates that he worked for the KONTRAS organization. In his application, he stated that he was working for KONTRAS when its offices were attacked in March 2000, but at the hearing, he testified that he began working for KONTRAS in 1998 and worked for about four or five months. Ressa has not explained this inconsistency. There were also inconsistencies in Ressa's testimony concerning the date of the alleged kidnapping. He initially testified that he was kidnapped on July 17, 2001, but he later testified that he was kidnapped on April 17, 2001. When asked about this inconsistency, he merely responded that he was confused about the date. Ressa also failed to provide any evidence to corroborate his testimony, such as affidavits from family members, records showing he worked for KONTRAS, or police reports concerning the alleged kidnapping or threats.

Ressa does not argue or show that corroborating evidence was unavailable. When asked why he did not obtain affidavits from his family members, he responded "it never occurred to me." Ressa has not demonstrated that "it is plain that no reasonable fact-finder could make . . . an adverse credibility ruling." *See Wang*, 569 F.3d at 538 (internal quotation marks and citation omitted). Accordingly, we defer to the determinations of the BIA and the IJ that Ressa's testimony was not credible. *See id.* Ressa's asylum, withholding, and CAT claims were all based on persecution for his involvement with KONTRAS. Because the credibility determinations of the IJ and BIA withstand review, the decision to deny Ressa relief on each of his claims is supported by substantial evidence. *See Zhang*, 432 F.3d at 344-45.

PETITION DENIED.

3